## Case No. 2,833a.

### CLARK v. SHELTON.

[Hempst. 190.] [1]

Superior Court, D. Arkansas. July, 1832.

JURISDICTION OF SUPERIOR COURT, ARKANSAS.

The superior court, since the act of 22d October, 1828, has appellate jurisdiction only, and cannot entertain jurisdiction in a case certified to it from the circuit court.

[In equity. Bill by Benjamin Clark against Jesse Shelton. Motion by defendant to dismiss the suit for want of jurisdiction.]

Before JOHNSON and ESKRIDGE, Judges.

OPINION OF THE COURT. This suit was originally commenced in the circuit court of Hempstead county, on the ——— day of March or April, in the year 1832. At the April term, 1832, the judge of that court, having been personally concerned as counsel for one of the parties, certified the cause up to this court, that it might be here tried. The counsel for the defendant have moved the court to dismiss the suit for want of jurisdiction, and to remand the same to Hempstead circuit court.

The only question presented by the motion is whether the court can entertain jurisdiction of the cause. The decision of this question must depend upon the acts of congress and the legislature of this territory. By an act of congress passed on the 17th April, 1828 (section 3), "the legislature of the territory of Arkansas shall be authorized in all cases, except where the United States is a party, to fix the respective jurisdictions of the district and superior courts." In the acts of the legislature of this territory, on the 22d of October, 1828, we find the follow-

[1] [Reported by Samuel H. Hempstead, Esq.]

ing provisions: "That from and after taking effect of this act, the superior court of this territory shall, in all cases of law and equity, be exclusively an appellate court, and shall not have original jurisdiction, in any civil case, unless such as may arise under the laws of the United States, or take cognizance of any criminal cases, alleged to have been committed within this territory, provided that nothing in this section shall be so construed as to prevent said superior court from deciding all cases, civil or criminal, at law or in equity, that are now pending in said court, or returnable thereto." Section 13: "Be it further enacted, that in all cases where a judge of the superior court is concerned or interested in any suit or action now pending, in any of the circuit courts, the parties in such suits may cause the same to be certified to the superior court to be there tried and determined; and all suits or actions that may hereafter be brought by any of said judges against others, or to which either of the said judges is a party, shall be returnable to, and tried in the superior court; provided, that no judge shall be compelled to hear and determine any criminal case wherein the defendant or defendants are related to him; but shall cause the same to be certified to the superior court, to be there tried and determined." These are all the provisions of the act of 1828, relative to the jurisdiction of the superior court. It is material to observe that the judges of the superior court are also judges of the circuit courts. From the foregoing provisions just recited, it is manifest that all original jurisdiction which the superior court had theretofore possessed is taken away, excepting such as may arise under the laws of the United States, and a few other specified cases. It is admitted this case does not arise under a law of the United States, nor does it fall within any of the cases specified in the act of 1828. How, then, can this court entertain jurisdiction? The only ground relied on by the counsel for the complainant is that an act of our legislature, of 1821, and an act of 1823, confer the jurisdiction upon the court. The conclusive answer to this argument is that the provisions of these acts of 1821 and 1823 are inconsistent with the provisions of the statute of 1828, and consequently the latter repeals the former. By the act of 1828, the previous original jurisdiction of this court is abrogated, annulled, and taken away, with the exception of a few cases provided for in the act. No statute, anterior to 1828, can have any operation upon the subject of the jurisdiction of this court. By the act of congress, and of the legislature of this territory, both enacted in 1828, the question of jurisdiction must be decided. According to the provisions of these acts, it is placed beyond doubt that this court cannot entertain jurisdiction of the present suit. Suit dismissed.